```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOSEPH HENDERSON,

       Petitioner,

v.                                      Civil Action No. 5:08CV186
                                                        (STAMP)

WAYNE A. PHILLIPS, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
DECLINING TO CONSIDER THE REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING § 2241 PETITION AS MOOT**

I. Background

While incarcerated at FCI-Morgantown, the pro se[1] petitioner, Joseph Henderson, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 seeking an order directing that the Bureau of Prisons ("BOP") consider him eligible to receive the "time off" afforded by 18 U.S.C. § 3621(e)(2)(B) for his active participation/ completion of the 500 hour Residential Drug Additional Program ("RDAP").

This matter was referred to Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

§ 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

Subsequently, the petitioner filed a motion for reconsideration/objection to the judge's opinion/report and recommendation. Magistrate Judge Seibert issued an order denying the motion for reconsideration, but the report and recommendation and the petitioner's objections remain pending before this Court. For the reasons set forth below, this Court declines to consider the report and recommendation and denies the petitioner's § 2241 petition as moot.

## II. Discussion

When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry is:

> Whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution . . . . This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Id.

In this case, the petitioner argues in his § 2241 petition that the BOP has adopted an invalid rule that is being used to deny otherwise eligible non-violent offenders "time off" under 18 U.S.C. § 3621(e). In support of his argument, the petitioner cites to <u>Arrington V. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008), in which the United States Court of Appeals for the Ninth Circuit found that a BOP regulation rendering inmates ineligible for early release under § 3621(e) for those with firearm-related convictions was issued in violation of the Administrative Procedures Act ("APA").

According to the records of the BOP, the petitioner was released from custody on January 8, 2010. Any injury suffered by the petitioner due to his ineligibility for early release under 18 U.S.C. § 3621(e) cannot now be redressed by a favorable decision on his § 2241 petition, since he is no longer incarcerated. Further, this Court finds no evidence that the petitioner suffers from any "concrete and continuing injury" that is a collateral consequence of the detention. Thus, the petitioner's § 2241 petition must be denied as moot.

### III. <u>Conclusion</u>

For the reasons set forth above, this Court declines to consider the report and recommendation of the magistrate judge. Because the petitioner is no longer a federal inmate, this case is now moot. Accordingly, the petitioner's § 2241 petition must be DENIED as MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a state court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail at the following address:

>569 Kenwood Avenue
>Dayton, Ohio 45406

Further, the Clerk is DIRECTED to transmit a copy of this order to the petitioner's United States Probation Officer at the following address:

>702 Federal Building & Courthouse
>Attn: Officer Freson
>200 West Second Street
>Dayton, Ohio 45402-1411

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 30, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE